E-FILED
Tuesday, 25 March, 2014  03:18:57 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KIMBERLEE KNIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 11-2071-CSB-DCB |
| ) | |
| ILLINOIS DEPARTMENT OF NATURAL ) | |
| RESOURCES, RAFAEL GUTIERREZ, ) | |
| in his individual capacity; DUANE ) | |
| PITCHFORD, in his individual capacity; ) | |
| CHARLES REDPATH, in his individual ) | |
| capacity; ERIC BUMGARNER, in his ) | |
| individual capacity; and MICHELE ) | |
| CUSUMANO, in her individual capacity and ) | |
| MARC MILLER in his individual capacity, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

COME NOW the defendants, Illinois Department of Natural Resources, Eric Bumgarner, Michele Cusumano, Rafael Gutierrez, Marc Miller, Duane Pitchford, and Charles Redpath, by and through their counsel, LISA MADIGAN, Attorney General of the State of Illinois, and hereby respond to plaintiff's motion to compel, stating:

1.  Plaintiff is seeking an order compelling defendants to produce documents which was never the subject of a Request for Production under Rule 34 of the Federal Rules of Civil Procedure and were merely informally requested in a letter first sent to counsel for defendants three weeks after the close of all discovery in this case.

2.  The case was filed over three years ago on March 10, 2011, and the original discovery cut off date was November 15, 2012.

3.  At plaintiff's request, discovery was extended until June 6, 2013.

4.    Because plaintiff still needed more time to complete discovery, counsel for defendants agreed to file a joint motion for a second extension of time to complete discovery.

5.    Discovery was then extended until December 3, 2013.

6.    Plaintiff then sought another extension of time to complete discovery.

7.    The Court declined to grant the extension sought by plaintiff, but did extend the time until February 14, 2014.

8.    On January 17, 2014, plaintiff sent a letter requesting discipline logs for all Conservation Police Officers.

9.    Despite the informal notice of the request, and the fact that discovery would close before any response would be due under Rule 34, defendants provided plaintiff with the logs.

10.   On January 17, 2014, plaintiff also sent a notice for the deposition of department representatives to testify on a variety of topics.

11.   Because the witness and counsel could not all be available at the same time prior to the February 14, 2014, discovery deadline, defendants agreed to complete those depositions after the close of discovery.

12.   Defendants did not agree to engage in any other discovery after the cut off date.

13.   One of the subjects of the deposition of a Department representative was the handling of citizen complaints.

14.   In preparing Rafael Gutierrez for that deposition, the undersigned asked Gutierrez for the relevant rules on citizens complaints and forwarded those to plaintiff, despite the fact that discovery was closed.

15. During the deposition of Rafael Gutierrez, plaintiff asked him the date on which the Investigations section of the Department of Conservation Police ceased to exist and the effective date of a policy and procedural manual which had been provided.

16. Because Gutierrez did not know the answers to those questions, the undersigned sent the answers to plaintiff's counsel after the deposition.

17. These responses to plaintiff's inquiry are the documents that plaintiff, without explanation, claims indicate a willingness of defendants to engage in late discovery for the benefit of defendants.

18. The matters produced were all given in an effort to cooperate with plaintiff's counsel.

19. When plaintiff's counsel asked for still more documents after the close of discovery, defendants were unwilling to allow plaintiff to continue to engage in discover after defendants filed their motion for summary judgment.

20. Defendants were unwilling to jointly file another motion to extend deadlines because defendants could not rely upon it being granted and, therefore, had to file their motion for summary judgment by the dispositive motion deadline, and because, even if discovery was extended, defendants would object to the breadth of the request.

21. Plaintiff's motion reflects an attempt to blame defendants for plaintiff's delay in seeking discovery.

22. In May 2012, defendants asked plaintiff in interrogatories for the names of comparators who allegedly received preferential treatment as compared to plaintiff.

23. In October 2012, plaintiff responded to those interrogatories.

24. At no time since the response to the interrogatories has plaintiff amended that list.

25. Defendants relied on the list in the discovery they conducted and in the motion for summary judgment they prepared and filed.

26. Less than one month before the final close of discovery, plaintiff decided to ask for documents about discipline imposed on other officers.

27. Plaintiff had over two and one half years of discovery in which to seek the information.

28. It would be prejudicial to defendants to allow plaintiff to seek new discovery after defendants have filed their motion for summary judgment.

29. Plaintiff's request for documents complied with neither the scheduling order, nor the requirements of Rule 34.

WHEREFORE for the foregoing reasons, defendants respectfully request that this honorable Court deny plaintiff's motion to compel.

    Respectfully submitted,

    ILLINOIS DEPARTMENT OF NATURAL RESOURCES; et al.,
        Defendants,

    LISA MADIGAN, Attorney General,
    State of Illinois,
        Attorney for Defendants.

Terence J. Corrigan, #6191237
Assistant Attorney General
500 South Second Street    By: s/Terence J. Corrigan
Springfield, IL 62706        Terence J. Corrigan
217/782-5819        Assistant Attorney General
kmcnaught@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KIMBERLEE KNIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 11-2071 |
| ) | |
| ILLINOIS DEPARTMENT OF NATURAL ) | |
| RESOURCES, et al., ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2014, I presented the foregoing to the Clerk of the Court Notice of Appearance for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Laura L. Scarry
lscarry@deanoandscarry.com

and I hereby certify that on March 25, 2014, I have mailed by United States Postal Service, the document to the following nonregistered participant:

None

Respectfully submitted,

By: s/Terence J. Corrigan
Terence J. Corrigan
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 782-5819
Facsimile: (217) 524-5091
tcorrigan@atg.state.il.us