UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KIMBERLEE KNIGHT, )<br> )<br>Plaintiff, )<br>v. )<br> )<br>ILLINOIS DEPARTMENT OF NATURAL )<br>RESOURCES, et al., )<br> )<br>Defendants. ) | Case No. 11-CV-2071 |

## OPINION

This case is before the court for ruling on the Motion to Compel Discovery (#31) filed by Plaintiff, Kimberlee Knight. On March 25, 2014, Defendants filed a Response to Plaintiff's Motion to Compel (#41). This court has carefully reviewed Plaintiff's Motion and Defendants' Response. Following this careful and thorough review, Plaintiff's Motion to Compel Discovery (#31). Is DENIED

BACKGROUND

Plaintiff filed her Complaint (#1) is this case on March 10, 2011, more than three years ago. On July 27, 2011, a Discovery Order (#16) was entered which stated that the deadline for completing all discovery was November 15, 2012. This was the date proposed by the parties prior to the Rule 16 conference. On May 29, 2012, at Defendants' request, this deadline was extended to January 2, 2013.

On November 30, 2012, Plaintiff filed a Motion for Extension of Time to Complete Discovery (#26). Plaintiff stated that the parties had worked diligently to complete the party depositions and fact discovery. Plaintiff stated that, due to her counsel's illness, the

deposition of Defendant Duane Pitchford had been rescheduled to December 13, 2012. Plaintiff also stated that she required "the deposition of 30(b)(6) witness(es), the union representative for conservation police officers employed by the Office of Law Enforcement for the Defendant Department of Natural Resource during the relevant time frame encompassed by this litigation, as well as several fact witnesses." Plaintiff asked that the discovery order be revised to provide, in relevant part, that all discovery was to be completed by June 6, 2013. On December 6, 2012, a hearing was held by telephone before Magistrate Judge David G. Bernthal. Judge Bernthal granted the motion and set a discovery deadline of June 6, 2013. The deadline for filing case dispositive motions was set as July 3, 2013.

On June 20, 2013, the parties filed a Joint Motion for Extension of Time to Complete Discovery (#27). The parties stated that they were in the process of completing discovery. They asked that the discovery deadline be extended to December 3, 2013, and the dispositive motion deadline be extended to January 3, 2014. Judge Bernthal granted the motion the same day.

On December 5, 2013, Plaintiff filed a Motion for Extension of Time to Complete Discovery (#29). Plaintiff stated that the parties had completed party depositions and fact discovery. Plaintiff listed the depositions which had been taken which showed that the last deposition conducted by the parties was taken on June 20, 2013. Plaintiff stated that they were trying to schedule depositions of additional witnesses, but could not get them scheduled until after the close of discovery on December 3, 2013. Plaintiff also again stated that she

2

would require the deposition of 30(b)(6) witnesses. Plaintiff asked the court to set a deadline for all discovery of June 6, 2014 and a deadline for filing case dispositive motions of July 3, 2014. Plaintiff stated that Defendants did not oppose the motion.

On December 11, 2013, this case was assigned to this court. On December 17, 2013, a motion hearing was held by telephone before Judge Bernthal. Judge Bernthal then granted Plaintiff's Motion for Extension of Time (#29), in part, and denied it, in part. Judge Bernthal extended the discovery deadline to February 3, 2014, and the case dispositive motion deadline to March 3, 2014. The case was set for a Final Pretrial Conference before this court on June 6, 2014, at 1:30 p.m. and a jury trial on June 24, 2014, at 9:30 a.m. On December 18, 2013, this court reset the Final Pretrial Conference to June 13, 2014, at 1:30 p.m.

On December 31, 2013, the parties filed a Joint Motion for Revision of December 17, 2013 Order (#30). The parties stated that additional depositions had been taken. They also stated that, on January 17, 2014, Plaintiff issued a notice of deposition of a Federal Rule of Civil Procedure 30(b)(6) witness for Defendant, Illinois Department of Natural Resources to take place on January 30, 2014.[1] However, the 30(b)(6) witness was not available until

---

[1] Rule 30(b)(6) of the Federal Rules of Civil Procedure states, in relevant part, "In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental entity, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The person designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules."

3

February 14, 2014. Defendants requested that Plaintiff pay for an expedited transcript of the 30(b)(6) witness or in the alternative suggested that Plaintiff move for an extension of discovery and the date for filing dispositive motions. The parties stated that, as such, they were requesting a short extension to complete all discovery up to and including February 14, 2014, and were also requesting that the dispositive motion deadline be extended to March 17, 2014. The parties stated that all of the other dates set in this case would not be affected. On February 3, 2014, this court entered a text order and granted the Joint Motion (#30), thereby allowing the short extensions requested.

On March 17, 2014, Defendants filed their Motion for Summary Judgment (#34), with attached Exhibits, additional Exhibits (#33, #35, #36, #37), and a Memorandum of Law in Support (#38). Plaintiff's response to the Motion for Summary Judgment is due April 10, 2014.

MOTION TO COMPEL DISCOVERY

Also on March 17, 2014, Plaintiff filed a Motion to Compel Discovery (#31). Plaintiff stated that, due to scheduling conflicts with Defendants' 30(b)(6) witness and Defendants' attorneys, the parties agreed that the deposition of the 30(b)(6) witness would proceed on February 26, 2014. Plaintiff stated that Defendants produced two 30(b)(6) witnesses on February 26, 2014, Will Bradley and Michele Cusumano. Plaintiff stated that, during Bradley's deposition, she learned for the first time that the employee discipline logs provided by Defendants, designated as Exhibits 140 and 141, did not include all of the

information regarding the discipline of the conservation police officers (CPOs). Plaintiff stated that this meant, according to Bradley, that Plaintiff must inspect the underlying documents that formed the basis for each of the disciplinary actions listed in the logs. Plaintiff stated that she wrote to Defendants and requested the production of underlying records including police reports, disciplinary records and grievances for each of the CPOs whose names appeared in the logs, as well as the discipline records of the CPOs prior to the year 2000. Plaintiff stated that, according to Bradley, this information is located in one place, the "locked files" in the file cabinets in the Office of Human Resources. Plaintiff stated that Defendants did not respond to this request.

Plaintiff stated that, on March 14, 2014, Defendants produced Rafael Gutierrez as its third 30(b)(6) witness for a telephonic deposition. Afterward, Plaintiff spoke to Defendants regarding the production of the requested documents. Plaintiff stated that Defendants refused to produce the documents, stating that the request was "untimely" because it was filed after the close of discovery. Plaintiff stated that Defendants said they would not be producing any documents following the drafting of their Motion for Summary Judgment which was due on March 17, 2014. Plaintiff asked this court to enter an order "compelling Defendants to produce the documents forming the basis of the discipline for each of the listed CPOs in Exhibits 140 and 141 as well as any other discipline each of the *listed* CPOs were issued prior to 2000."

On March 25, 2014, Defendants filed their Response to Plaintiff's Motion to Compel

(#41). Defendants stated that Plaintiff is seeking an order compelling Defendants to produce documents which were never the subject of a Request for Production under Rule 34 of the Federal Rules of Civil Procedure and were merely informally requested in a letter first sent to counsel for Defendants three weeks after the close of discovery in this case. Defendants noted that the discovery deadline in this case (after the extensions recounted by this court) was February 14, 2014. Defendants stated that, on January 17, 2014, Plaintiff sent a letter requesting discipline logs for all Conservation Police Officers. Defendants stated that, despite the informal notice of the request and the fact that discovery would close before any response would be due under Rule 34, Defendants provided Plaintiff with the logs. Defendants also stated that they agreed to complete the 30(b)(6) depositions after the close of discovery, but did not agree to engage in any other discovery after the discovery deadline. Defendants stated that they did provide some additional information to Plaintiff after Gutierrez's deposition because Gutierrez did not know the answers to some of the questions asked. Defendants stated that, when Plaintiff's counsel asked for still more documents after the close of discovery, Defendants were unwilling to allow Plaintiff to continue to engage in discovery after they filed their Motion for Summary Judgment.

Defendants argued that Plaintiff's Motion to Compel reflects an attempt to blame Defendants for Plaintiff's delay in seeking discovery. Defendants stated that, in May 2012, Defendants asked Plaintiff in interrogatories for the names of comparators who allegedly received preferential treatment as compared to Plaintiff. In October 2012, Plaintiff

responded to those interrogatories. Defendant stated that at no time since that response has Plaintiff amended the list. Defendants stated that they relied on the list in the discovery they conducted and in the Motion for Summary Judgment they prepared and filed. Defendants stated that less than one month before the final close of discovery, Plaintiff decided to ask for documents about discipline imposed on other officers. Defendants pointed out that Plaintiff had over two and one half years of discovery in which to seek the information. Defendants argued that it would be prejudicial to them to allow Plaintiff to seek new discovery after Defendants have filed their Motion for Summary Judgment.

ANALYSIS

This court cannot improve much on Defendants' arguments, all of which are well taken. This court will just additionally note that Plaintiff is basing her request for additional discovery on the discipline logs she requested less than one month before the close of discovery and on the 30(b)(6) deposition of Bradley taken after discovery had closed. This court finds it astounding that Plaintiff, by her own admission, did not even request 30(b)(6) depositions until January 17, 2014. At that time, the discovery deadline (which had been extended many times) was February 3, 2014. This court finds this astounding because, on November 30, 2012, Plaintiff requested an extension of time to complete discovery and specifically stated that Rule 30(b)(6) depositions were required. Plaintiff did nothing to complete this requirement for over a year because, on December 5, 2013, Plaintiff requested another extension of time and again stated that she would require the deposition of 30(b)(6)

7

witnesses. Plaintiff's motion for an extension of time was granted, in part, and Plaintiff was given an extension to February 3, 2014. Plaintiff waited until January 17, 2014, to request the depositions and they were not actually taken until February 26, 2014, and March 14, 2014. This court can only conclude that, if Plaintiff does not have all of the discovery she would like, it is solely because of her own delays in requesting discovery she knew all along was necessary.

As with all discovery matters, district courts have broad discretion in determining whether to grant or deny motions to compel. *Medicines Co. v. Mylan, Inc.*, 2013 WL 120245, at *2 (N.D. Ill. 2013), *citing Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 629 (7th Cir. 2008). It has been recognized that a district court may deny a motion to compel "as untimely due to unexplained or undue delay or when the late motion will require an extension of the discovery period." *Medicines Co.*, 2013 WL 120245, at *2, *citing In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331 (N.D. Ill. 2005), *see also Grassi v. Info. Res., Inc.*, 63 F.3d 596, 604 (7th Cir. 1995). In fact, "motions to compel filed after the close of discovery are almost always deemed untimely." *Medicines Co.*, 2013 WL 120245, at *2, *quoting In re Sulfuric Acid*, 231 F.R.D. at 332.

This court concludes that Plaintiff's Motion to Compel must be denied because it was filed after the close of discovery and must be considered untimely, because her need for additional discovery was caused solely by her own delays in conducting discovery and because granting her request at this very late date would prejudice Defendants.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Compel (#31) is DENIED.

ENTERED this 31st day of March, 2014.

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE