UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **KIMBERLEE KNIGHT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 11-CV-2071 |
| ) | |
| **ILLINOIS DEPARTMENT OF NATURAL** ) | |
| **RESOURCES, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## **OPINION**

This case is before the court for ruling on the Motion to Strike (#45) filed by Plaintiff, Kimberlee Knight. Defendants filed a Memorandum in Response (#48). This court has carefully reviewed the arguments of the parties and the portions of the affidavit at issue Plaintiff is seeking to strike. Following this thorough review, Plaintiff's Motion to Strike (#45) is DENIED.

BACKGROUND

On March 10, 2011, Plaintiff filed her Complaint (#1) against Defendants. Discovery deadlines were subsequently extended numerous times. On March 17, 2014, Defendants filed a Motion for Summary Judgment (#34), a Memorandum of Law in Support (#38), and Exhibits (#33, #35, #36, #37). Also on March 17, 2014, Plaintiff filed a Motion to Compel Discovery (#31). On March 31, 2014, this court entered an Opinion (#42) and denied Plaintiff's Motion to Compel Discovery. This court concluded that, if Plaintiff did not have all of the discovery she would like, it was solely because of her own delays in requesting discovery she knew all along was necessary. Further, the motion was

filed after the close of discovery, was untimely, and granting the motion at this very late date would prejudice Defendants.

MOTION TO STRIKE

On April 24, 2014, Plaintiff filed a Motion to Strike Paragraphs 1, 4-6, 8-19, and 21-67 of the Affidavit of Defendant Rafael Gutierrez (#45). Plaintiff did not include a Memorandum of Law in support of the Motion. Plaintiff argued that the challenged statements in Gutierrez's affidavit were self-serving, were not supported by other evidence of record, and discussed facts and documents that Plaintiff sought in her motion to compel. Plaintiff contended that "[s]urely, allowing Defendants to rely on an affidavit that is based almost entirely without factual support, and which may have had support by the very documents Plaintiff herself was seeking in her motion to compel, is inequitable and unjust." Plaintiff also filed, on April 24, 2014, her Response to Defendants' Motion for Summary Judgment (#46) with attached Exhibits. On May 8, 2014, Defendants filed a Memorandum in Response to Plaintiff's Motion to Strike (#48). Defendants argued that there are multiple reasons why Plaintiff's Motion to Strike should be denied. This court agrees.

First, motions to strike are disfavored. *See Nuzzi v. St. George Cmty. Consol. Sch. Dist. No. 258*, 688 F. Supp. 2d 815, 830 (C.D. Ill. 2010). The Seventh Circuit has expressed the opinion that motions to strike "are not only unnecessary (from the parties' perspective) but also pointless (from the judiciary's)." *Custom Vehicles, Inc. v. River Forest, Inc.*, 464 F.3d 725, 727-28 (7th Cir. 2006). This court concludes that, as a general

matter, it can rely "on its ability to consider only arguments and facts which are properly presented and rarely grant[] motions to strike." *Nuzzi*, 688 F. Supp. 2d at 830.

Second, Defendants are correct that Plaintiff's failure to include a memorandum of law in support of her Motion to Strike is a violation of Rule 7.1(B)(1) of the Local Rules of the Central District of Illinois. This court agrees with Defendants that this omission is significant because, with the exception of her claim that the affidavit is self-serving, Plaintiff did not cite any authority for her arguments. Further, Defendants are correct that the only authority cited by Plaintiff is of questionable value because the Seventh Circuit has recently clarified its position on "self-serving" affidavits. *Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013). Therefore, Plaintiff's arguments are entirely unsupported.

Third, Plaintiff's arguments fail on the merits. Plaintiff has argued that the challenged paragraphs of Gutierrez's affidavit should be stricken because "self-serving affidavits, without any factual support in the record, are insufficient to defeat a motion for summary judgment." Plaintiff cited *Palmer v. Marion Cnty.*, 327 F.3d 588, 596 (7th Cir. 2003), and *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 504 (7th Cir. 2004). However, Defendants are correct that the Seventh Circuit has recently clarified its position on "self-serving affidavits." In *Hill*, the Seventh Circuit stated:

> Deposition testimony, affidavits, responses to interrogatories, and other written statements by their nature are self-serving. *Payne v. Pauley*, 337 F.3d 767, 771 (7th Cir. 2003). As we have repeatedly

3

> emphasized over the past decade, the term "selfserving" must not be used to denigrate perfectly admissible evidence through which a party tries to present its side of the story at summary judgment.

*Hill*, 724 F.3d at 967.[1] Therefore, while the court does "not allow litigants to manufacture material fact questions by affidavit testimony that contradicts prior sworn testimony," self-serving affidavits are otherwise admissible, even if uncorroborated. *United States v. Funds in Amount of $100,120.00,* 730 F.3d 711, 718 (7th Cir. 2013). As long as the affidavit contains information that would be admissible if the affiant were testifying directly, a self-serving affidavit is admissible. *See Rooni v. Biser*, 742 F.3d 737, 740 (7th Cir. 2014). Thus, Plaintiff's argument that Gutierrez's affidavit should be stricken simply because it is "self-serving" is a non-starter.

Plaintiff has also challenged the affidavit on the basis that it lacks factual support. This court agrees with Defendants, however, that the evidence contained in Gutierrez's affidavit would be admissible if he were testifying directly and may be considered by this court. This court concludes that it is permissible for Gutierrez to explain the facts that formed the bases of his disciplinary decisions, as he honestly believed them to be. *See, e.g., Harper v. Fulton Cnty., Ill.*, ___ F.3d ___, 2014 WL 1363996, at *4 (7th Cir. 2014); *Everroad v. Scott Truck Sys., Inc.*, 604 F.3d 471, 478-79 (7th Cir. 2010).

---

[1] The court in *Hill* expressly overruled a list of cases "to the extent that they suggest a plaintiff may not rely on 'self-serving' evidence to create a material factual dispute." *Hill*, 724 F.3d at 967 n.1.

4

Plaintiff has argued that the statements in the affidavit are not supported by Gutierrez's deposition testimony, despite the fact that he was deposed twice. Plaintiff has not, however, claimed that any of the statements in the affidavit contradict Gutierrez's deposition testimony. This court concludes that Plaintiff cannot complain if Gutierrez's affidavit includes statements that Plaintiff did not question him about during his depositions. Defendants are correct that Plaintiff has cited no authority for the proposition that an attorney must interrogate his or her own client during a deposition or forfeit the use of his testimony. Affidavits may be used to fill evidentiary gaps in the record. *See Rooni*, 742 F.3d at 740.

Plaintiff has also complained that she was not provided with a copy of the affidavit before Gutierrez's second deposition on March 14, 2014, the day after he signed the affidavit. Defendants have argued that Plaintiff has no reason to complain. Defendants stated:

> Plaintiff, because of scheduling conflicts, took the deposition after the close of discovery and just prior to the filing of defendants' motion for summary judgment. The affidavit was prepared as part of the motion for summary judgment. There is no rule that plaintiff be given an advance copy of materials prepared for a summary judgment motion before plaintiff finishes discovery. If such a rule existed, plaintiff failed to cite it and would be in violation herself as she submitted an affidavit with her response to the motion for summary judgment that

was never previously given to defendants.

This court agrees with Defendants' argument.

Plaintiff has also complained that Gutierrez attached a general order to his affidavit that was only in effect for part of the relevant period. Defendants noted that Plaintiff attached the earlier rule to her Response to the motion for summary judgment, so the record is complete. Defendants also pointed out that the two versions of the rule differ only to the extent that the later version deleted reference to an "Investigation Commander" because the position no longer existed.

Plaintiff has also argued that it is not fair to allow Gutierrez to testify, by affidavit, about matters that were the subject of the motion to compel. As noted previously, Plaintiff argued that "[s]urely, allowing Defendants to rely on an affidavit that is based almost entirely without factual support, and which may have had support by the very documents Plaintiff herself was seeking in her motion to compel, is inequitable and unjust." Defendants have pointed out that Plaintiff is essentially arguing that, had she made a timely request, she might have been able to find a document that would refute some of what Gutierrez stated in his affidavit. This argument is clearly unavailing. This court denied the motion to compel, not because the subject matter of the documents sought was not relevant or discoverable, but because the documents were sought much too late in the process. Therefore, Gutierrez's statements in his affidavit, signed under oath, may be considered by this court even though Plaintiff has not had the opportunity to review documents which may relate to the same subject matter.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Strike (#45) is DENIED.

ENTERED this <u>14th</u> day of May, 2014.

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE